```
                    UNITED STATES BANKRUPTCY COURT
                    NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION
```

| | | |
|---|---|---|
| In re: | : | |
| | : | Case No. 19-56846-JRS |
| 1400 NORTHSIDE DRIVE, INC., | : | Atlanta Division |
| d/b/a SWINGING RICHARDS, | : | |
| | : | |
|     Debtor. | : | Chapter 11 |
| _____ | : | |
| | : | Case No. 19-20853-JRS |
| CUMMINS BEVERIDGE JONES, II, | : | Gainesville Division |
| a/k/a C.B. JONES, | : | |
| | : | |
|     Debtor. | : | Chapter 11 |
| _____ | : | |

                         MOTION FOR ORDER
   AUTHORIZING JOINT PROCEDURAL ADMINISTRATION OF RELATED CASES

COME NOW 1400 Northside Drive, Inc. and Cummins Beveridge Jones, II (said parties being sometimes collectively referred to herein as the "Debtors"), as debtors and debtors in possession in the above-captioned bankruptcy cases (collectively, the "Cases"), and, pursuant to Federal Rule of Bankruptcy Procedure 1015(b)(4), file this Motion for Order Authorizing Joint Procedural Administration (the "Motion"), requesting that the Court authorize the joint procedural administration of the Cases.  In support of this Motion, the Debtors respectfully show the Court the following:

                           <u>JURISDICTION</u>

1.  This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334.  The matter is a core

proceeding pursuant to 28 U.S.C. §157(b).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## INTRODUCTION AND BACKGROUND

2.   On May 2, 2019, 1400 Northside Drive, Inc. filed a voluntary petition under chapter 11 of title 11 of the United States Code, in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, case number 19-56846-JRS, through the law offices of Paul Reece Marr, P.C.  On May 2, 2019, 1400 Northside Drive, Inc. filed a voluntary petition under chapter 11 of title 11 of the United States Code, in the United States Bankruptcy Court for the Northern District of Georgia, Gainesville Division, case number 19-20853-JRS, through the law offices of Paul Reece Marr, P.C.  The Cases are pending before this Court.  The Debtors continue in possession of their properties and continue to operate and manage their affairs as debtors in possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3.   1400 Northside Drive, Inc. was incorporated in the State of Georgia on March 14, 1996.  1400 Northside Drive, Inc. operates an adult exotic dance club on property having a local address of 1400 Northside Drive, N.W., Atlanta, Georgia 30318 ("Business Premises").  C.B. Jones is the C.E.O. and sole shareholder in and to 1400 Northside Drive, Inc. and owns the Business Premises outright.

4.   1400 Northside Drive, Inc. and C.B. Jones were co-defendants in two separate FLSA lawsuits brought by several dancers.  One of the lawsuits was reduced to judgment and a settlement agreement was entered into with regard to the other

lawsuit.  The judgment creditor levied on corporate and personal accounts pre-Petition, necessitating filing the bankruptcy Petitions.

5.  The primary debts in both of the Cases are the FSLA claims.  C.B. Jones does have mortgages on various of his properties, but those debts did not necessitate filing his Petition.

6.  Given the joint debt structure, many of the issues involved in these Cases will apply to both of the Debtors.  In addition, the Debtors anticipate the likelihood of filing a joint plan of reorganization.

7.  It would be an unnecessary burden on the Debtors, this Court, and the Bankruptcy Clerk's Office to maintain separate dockets for each of the bankruptcy cases.  Joint administration of the Chapter 11 cases will facilitate the orderly and efficient administration thereof.

8.  Pursuant to Federal Rule of Bankruptcy Procedure 1015(b), if two or more bankruptcy cases are pending in the same court by a debtor and its affiliate or affiliates, the bankruptcy court may order a joint administration of the estates. Fed. R. Bankr. P. 1015(b)(4).  As stated hereinabove, the C.B. Jones owns and controls 1400 Northside Drive, Inc. Accordingly, each of the Debtors is an "affiliate" of the other as the term "affiliate" is defined in 11 U.S.C. § 101(2).

<u>RELIEF REQUESTED</u>

9.  The Debtors seek entry of an order in accordance with Federal Rule of Bankruptcy Procedure 1015(b) authorizing joint procedural administration of the Debtors' Cases.  Joint

administration is for procedural purposes only.  Nothing in this Motion is intended or should be construed as seeking substantive consolidation.

10.  The Debtors further request that all pleadings filed in the jointly administered case bear the following case style:

```
            UNITED STATES BANKRUPTCY COURT
             NORTHERN DISTRICT OF GEORGIA
                   ATLANTA DIVISION

In re:                              :   Chapter 11 Judge Sacca
                                    :
1400 NORTHSIDE DRIVE, INC.,         :   Case No. 19-56846-JRS
d/b/a SWINGING RICHARDS,            :
CUMMINS BEVERIDGE JONES, II,        :   Case No. 19-20853-JRS
a/k/a C.B. JONES,_____    :
                                    :   Jointly Administered Under
    Debtors.                        :   Case No. 19-56846-JRS
_____    :
```

11.  Federal Rule of Bankruptcy Procedure 1015(b) allows the Court to order the joint administration of a debtor and one or more affiliates and provides, in pertinent part, as follows:

> (b)  Cases Involving Two or More Related Debtors. If . . . two or more petitions are pending in the same court by or against. . . (4) a debtor and an affiliate, the court may order a joint administration of the estates.

12.  Section 101(2) of the Bankruptcy Code defines "affiliate", in pertinent part, as follows:

> entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor . . . corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with the power to vote, by the

    debtor, or by an entity that directly or indirectly owns, controls, or holds with the power to vote, 20 percent or more of the outstanding voting securities of the debtor . . .

13. Joint administration is a method used commonly to facilitate efficient administration of bankruptcy cases and reduce the overall administrative costs. As explained in the Official Committee Note to Federal Rule of Bankruptcy Procedure 1015(b):

    Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

14. Joint administration will significantly reduce the cost of administering the bankruptcy cases by eliminating unnecessary paperwork, duplicate filings, and noticing costs. Also, by jointly administering the cases, one docket will be maintained, thereby eliminating confusion which may exist if separate dockets are maintained for related cases. Additionally, the Clerk of the Bankruptcy Court will be relieved of the burden of entering duplicative orders and motions and maintaining duplicative files.

15. Joint administration is only procedural and does not impair any creditors' substantive rights. *See* In re N.S. Garrott & Sons, 63 B.R. 189, 191 (Bankr. E.D. Ark. 1986). The relief requested herein will not create a conflict of interest between the creditors of different estates. Each creditor or

party-in-interest will maintain whatever rights it may have against a particular estate in which it asserts a claim. Joint administration will promote and assist with the orderly and efficient administration of these bankruptcy cases and substantially reduce administrative costs without impairing or prejudicing the substantive rights of creditors.

     16.  Notice of the Motion has been served on the Office of the United States Trustee for the Northern District of Georgia. The Debtors submit that given the procedural nature of the relief sought herein such notice is sufficient and no further notice is required.

     17.  No previous motion requesting the relief sought herein has been filed. The Debtors have uploaded a proposed Order granting this Motion.

     WHEREFORE, the Debtors request that for ease of administration, convenience, and economy, the Court enter an order directing the joint administration of the Debtors' Cases, and provide such other and further relief as may be just and proper.

Prepared and submitted by
PAUL REECE MARR, P.C.
Debtors' counsel

/s/ Paul Reece Marr
Paul Reece Marr
GA Bar #471230
Suite 960
300 Galleria Parkway, N.W.
Atlanta, GA 30339
770-984-2255
paul.marr@marrlegal.com

```
                  UNITED STATES BANKRUPTCY COURT
                  NORTHERN DISTRICT OF GEORGIA
                         ATLANTA DIVISION
```

In re:                                   :
                                         :   Case No. 19-56846-JRS
1400 NORTHSIDE DRIVE, INC.,              :   Atlanta Division
d/b/a SWINGING RICHARDS,                 :
                                         :
     Debtor.                             :   Chapter 11
_____          :
                                         :   Case No. 19-20853-JRS
CUMMINS BEVERIDGE JONES, II,             :   Gainesville Division
a/k/a C.B. JONES,                        :
                                         :
     Debtor.                             :   Chapter 11
_____          :

                    CERTIFICATE OF SERVICE

   This is to certify that I have on this day electronically filed the foregoing *MOTION FOR ORDER AUTHORIZING JOINT PROCEDURAL ADMINISTRATION OF RELATED CASES* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to the following parties who have appeared in this case under the Bankruptcy Court's Electronic Case filing program:

- Office of the United States Trustee    ustpregion21.at.ecf@usdoj.gov
- David S. Weidenbaum    david.s.weidenbaum@usdoj.gov

   This the 7th day of May, 2019.

                                         /s/ Paul Reece Marr
                                         Paul Reece Marr
                                         GA Bar No. 471230

Paul Reece Marr, P.C.
300 Galleria Parkway
Suite 900
Atlanta, GA 30339
770-984-2255
paul.marr@marrlegal.com