UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In re: | Chapter 11 Judge Sacca |
| 1400 NORTHSIDE DRIVE, INC., d/b/a SWINGING RICHARDS, | Case No. 19-56846-JRS |
| CUMMINS BEVERIDGE JONES, II, a/k/a C.B. JONES, | Case No. 19-20853-JRS |
| Debtors. | Jointly Administered Under Case No. 19-56846-JRS |
| CUMMINS BEVERIDGE JONES, II, | |
| Movant, | |
| V. | Contested Matter |
| WELLS FARGO HOME MORTGAGE, | |
| Respondent. | |

REPORT OF SALE OF 2697 SOUTH CHEROKEE LANE, WOODSTOCK, GEORGIA
TO KEITH KINCHEN

COMES NOW Cummins Beveridge Jones, II, "Debtor" and debtor in possession herein, and files this "Report of Sale" showing that, as authorized pursuant to that certain "Order Approving Motion For Entry Of Order Approving Sale Of 2697 South Cherokee Lane, Woodstock, Georgia To Keith Kinchen Free And Clear Of All Liens, Claims And Encumbrances, To Make Certain Disbursements At Closing, And For Related Relief" entered on December 17, 2020 [Doc. No. 215] (the "Sale Order"), Debtor sold certain residential real estate (house and lot) located in Cherokee County, Georgia having a street address of 2697 S Cherokee

Lane, Woodstock, Georgia 30188 to Keith Kinchen. The transaction closed on December 18, 2020 (the "Closing"). As authorized by the terms of the Sale Order, certain disbursements were made at Closing all as more particularly set forth on the Settlement Statement executed at Closing, a true and correct copy of which is attached hereto as **Exhibit "A"**. The net amount to seller at Closing was wire transferred into the Debtor's Debtor in Possession checking account.

Prepared and submitted by:
PAUL REECE MARR, P.C.
Debtor's attorney

/s/ Paul Reece Marr
Paul Reece Marr
GA Bar # 471230
Governors Ridge Office Park
1640 Powers Ferry Road
Building 24, Suite 350
Marietta, GA 30067
telephone: (770) 984-2255
email: paul.marr@marrlegal.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| In re: | : | Chapter 11 Judge Sacca |
| | : | |
| 1400 NORTHSIDE DRIVE, INC., | : | Case No. 19-56846-JRS |
| d/b/a SWINGING RICHARDS, | : | |
| CUMMINS BEVERIDGE JONES, II, | : | Case No. 19-20853-JRS |
| a/k/a C.B. JONES, | : | |
| | : | Jointly Administered Under |
| Debtors. | : | Case No. 19-56846-JRS |
| | : | |
| | : | |
| CUMMINS BEVERIDGE JONES, II, | : | |
| | : | |
| Movant, | : | |
| | : | |
| V. | : | Contested Matter |
| | : | |
| WELLS FARGO HOME MORTGAGE, | : | |
| | : | |
| Respondent. | : | |

CERTIFICATE OF SERVICE

This is to certify that I have on this day electronically filed the foregoing *REPORT OF SALE* using the Bankruptcy Court's Electronic Case Filing program, which sends a notice of this document and an accompanying link to this document to all registered parties who have filed appearances in the above captioned case.

This the 4th day of January, 2021.

/s/ Paul Reece Marr
Paul Reece Marr
GA Bar No. 471230

Paul Reece Marr, P.C.
1640 Powers Ferry Road
Building 24, Suite 350
Marietta, GA 30067
telephone: (770) 984-2255
email: paul.marr@marrlegal.com

—3—

**EXHIBIT "A" FOLLOWS**

American Land Title Association

ALTA Settlement Statement - Combined
Adopted 05-01-2015

**Weissman PC**
**ALTA Universal ID:**
**980 Woodstock Parkway**
**Suite 110**
**Woodstock, GA 30188**



WEISSMAN
ATTORNEYS AT LAW

| | |
|---|---|
| File No./Escrow No.: | W-24499-20-WO |
| Print Date & Time: | December 18, 2020  3:26 pm |
| Officer/Escrow Officer: | Trudy Gorman |
| Settlement Location: | 980 Woodstock Parkway, Suite 110 |
| | Woodstock, GA 30188 |
| Property Address: | 2697 South Cherokee Lane |
| | Woodstock, GA 30188 |
| | LL 1273, 15th DIST, 2nd SEC, , Cherokee County, , , PHASE, BLK,  BLDG L/68, |
| Borrower: | Keith Duane Kinchen |
| | 778 Lee Rd 746 |
| | Salem, AL 36874 |
| Seller: | C.B. Jones, II |
| | 8570 Henderson Mountain Road |
| | Fairmount, GA 30139 |
| Lender: | Vanderbilt Mortgage and Finance, Inc. d/b/a Silverton Mortgage |
| Settlement Date: | December 18, 2020 |
| Disbursement Date: | December 18, 2020 |

| Seller | | Description | Borrower | |
|---|---|---|---|---|
| Debit | Credit | | Debit | Credit |
| | | **Financial** | | |
| | 705,000.00 | Sale Price of Property | 705,000.00 | |
| | | Deposit | | 7,000.00 |
| | | Loan Amount | | 505,400.00 |
| | | | | |
| | | **Prorations/Adjustments** | | |
| | 291.14 | County Taxes | 291.14 | |
| | | 12/18/20 - 01/01/21 | | |
| | | | | |
| | | **Loan Charges to Vanderbilt Mortgage and Finance, Inc. d/b/a Silverton Mortgage** | | |
| | | 0.074% of Loan Amount (Points) to Vanderbilt Mortgage and Finance, Inc. d/b/a Silver | 374.00 | |
| | | Origination Fee to Vanderbilt Mortgage and Finance, Inc. d/b/a Silver | 1,295.00 | |

| Seller | | Description | Borrower | |
|---|---|---|---|---|
| Debit | Credit | | Debit | Credit |
| | | **Loan Charges to Vanderbilt Mortgage and Finance, Inc. d/b/a Silverton Mortgage (continued)** | | |
| | | Appraisal Fee to Vanderbilt Mortgage and Finance, Inc. d/b/a Silver<br>    $475.00 paid outside closing by Borrower | | |
| | | Prepaid Interest<br>    $38.61 per day from 12/18/20 to 01/01/21 Vanderbilt Mortgage and Finance, Inc. d/b/a Silverton Mortgage | 540.50 | |
| | | **Other Loan Charges** | | |
| | | ICL Charge to Title Resources Guaranty Co. | 35.00 | |
| | | **Impounds** | | |
| | | Homeowner's Insurance to Vanderbilt Mortgage and Finance, Inc. d/b/a Silver<br>    2.000 months at $261.58/month | 523.16 | |
| | | Property Taxes to Vanderbilt Mortgage and Finance, Inc. d/b/a Silver<br>    5.000 months at $634.28/month | 3,171.40 | |
| | | Aggregate Adjustment to Vanderbilt Mortgage and Finance, Inc. d/b/a Silver | | 1,006.94 |
| | | **Title Charges and Escrow/Settlement Charges** | | |
| | | Attorney Fee to Weissman PC | 775.00 | |
| | | Lender's Title Insurance to Weissman PC<br>    Coverage: 505,400.00<br>    Premium:  1,323.20 | 1,323.20 | |
| 75.00 | | Post Closing Fee to Weissman PC | | |
| | | Title Binder Fee to Weissman PC | 75.00 | |
| | | Title/Tax Exam & Review Fee to Weissman PC | 225.00 | |
| | | Owner's Title Insurance to Weissman PC<br>    Coverage: 705,000.00<br>    Premium:  1,762.80 | 1,762.80 | |
| | | **Commissions** | | |
| 21,150.00 | | Real Estate Commission-Listing to 515 Life Real Estate Company, LLC | | |
| 21,150.00 | | Real Estate Commission-Selling to Atlanta Communities | | |
| | | **Government Recording and Transfer Charges** | | |
| | | Recording Fees to Clerk of Superior Court/Simplifile | 56.50 | |

| Seller Debit | Seller Credit | Description | Borrower Debit | Borrower Credit |
|---:|---:|---|---:|---:|
| | | **Government Recording and Transfer Charges (continued)** | | |
| | | Deed Transfer Tax to Clerk of Superior Court/Simplifile | 705.00 | |
| | | GRMA Fee to State of Georgia | 10.00 | |
| | | Mortgage Intangibles Tax to Clerk of Superior Court/Simplifile | 1,516.50 | |
| | | **Payoff(s)** | | |
| 89,578.06 | | Payoff of First Mortgage Loan  Total Payoff  89,578.06 | | |
| | | **Miscellaneous** | | |
| | | Homeowner's Insurance Premium to State Farm Insurance  12 months | 3,139.00 | |
| | | Home Warranty to Choice Home Warranty  $660.00 paid by 515 Life Real Estate Company, LLC on behalf of Borrower | | |
| | | Payoff to KINETICU to KINETICU | 7,599.22 | |
| | | 2nd Mortgage Proceeds | | 152,227.31 |
| 39,948.14 | | IRS Lien Payoff to United States Treasury | | |

| Seller Debit | Seller Credit | | Borrower Debit | Borrower Credit |
|---:|---:|---|---:|---:|
| 171,901.20 | 705,291.14 | **Subtotals** | 728,417.42 | 665,634.25 |
| | | **Due from Borrower** | | 62,783.17 |
| 533,389.94 | | **Due to Seller** | | |
| 705,291.14 | 705,291.14 | **Totals** | 728,417.42 | 728,417.42 |

## ACKNOWLEDGEMENT AND RECEIPT OF SETTLEMENT STATEMENT

| | |
|---|---|
| DATE: | December 18, 2020 |
| LENDER: | Vanderbilt Mortgage and Finance, Inc. d/b/a Silverton Mortgage |
| PURCHASER/BORROWER: | Keith Duane Kinchen |
| SELLER: | C.B. Jones, II |
| PROPERTY ADDRESS: | 2697 South Cherokee Lane, Woodstock, GA 30188 |

Purchaser and Seller acknowledge that they have carefully reviewed the ALTA Combined Settlement Statement and acknowledge receipt of same and, to the best of their knowledge and belief, it is a true and accurate statement of all receipts and disbursements made on behalf of the parties to this transaction. Purchaser further acknowledges receipt and disbursement on Purchaser's behalf of the loan proceeds in full. Seller acknowledges payment in full of all proceeds due Seller through this closing.

**Purchaser and Seller acknowledge that Weissman PC is serving solely as Closing Attorney for Lender, notwithstanding payment of attorneys' fees by either party.**

Taxes and assessments were prorated based upon the most recent available tax and assessment bills and/or any other pertinent information provided to Closing Attorney by the parties. On new construction, tax prorations are based upon a reasonable estimate of the improved Property's initial tax bill. Purchaser and Seller agree that taxes and assessments have been properly prorated as of the time of closing. Purchaser and Seller further agree to adjust these prorations between themselves should actual tax or assessment bills diverge from estimates at closing. The parties also agree that should any outstanding taxes or assessments that were not paid at closing subsequently come to light, either or both of them (whichever party is responsible) will pay such taxes or assessments in a timely fashion. In particular, Seller shall pay the portion Seller rightfully owes for any reassessments of current or prior years' taxes or for other delinquent tax amounts found to be owed subsequent to closing. The parties shall indemnify and hold Closing Attorney harmless for any damages, claims, or expenses due to additional taxes or assessments hereafter levied against the Property.

Further, if taxes are under appeal for the current year or a prior year, upon resolution of said appeal either additional tax amounts may be assessed against the property if the appeal fails or, alternatively, no additional taxes will be assessed if the appeal succeeds. Should the pending appeal(s) fail such that additional tax charges accrue to the property, Seller agrees, immediately upon request by Buyer, to pay to Buyer all amounts due that correspond to Seller's period of ownership of the property.

**The parties shall indemnify and hold Closing Attorney harmless for any damages, claims, or expenses due to additional taxes or assessments hereafter levied against the Property.**

Purchaser and Seller acknowledge that Closing Attorney and Lender make no representation as to the status of any outstanding or past due water, sewer or other utility bills applicable to the Property. The status of such items shall be determined by and are the responsibility of Purchaser and Seller.

Purchaser hereby acknowledges that a real property tax return is required by law to be filed with the tax commissioner in the county where the Property is located. Moreover, if the Property is Purchaser's principal residence, it is Purchaser's responsibility to file an application for homestead exemption with the tax commissioner of the county where the Property is located. Such filings are the sole responsibility of the Purchaser. Seller warrants that all required ad valorem tax returns and applicable exemption applications have been filed for the current tax year. Seller further agrees to reimburse Purchaser for any penalties levied against the Property due to Seller's failure to have filed a proper and timely tax return.

Purchaser and Seller agree that in the event any creditor receiving a payoff as set forth in the Settlement Statement refuses to accept the amount tendered, the party who incurred the indebtedness and encumbered the property shall immediately after demand pay to the settlement agent sufficient additional funds to satisfy the creditor.

Purchaser and Seller agree that should any inadvertent errors or omissions later be discovered in any documents executed at closing they shall promptly execute such corrective documents and remit such sums as may be required to adjust or correct this settlement so that it conforms to the contract between the parties and the lender's closing instructions.

Purchaser acknowledges that the Lender's title insurance policy does not protect Purchaser, and that Purchaser is hereby obtaining owner's coverage or declining coverage at his own risk.

The parties acknowledge that if the subject property is not the principal residence of Seller as defined in O.C.G.A. §48-7-128, there may be liability for withholding taxes to the State of Georgia; the parties release and hold harmless Weissman PC from any liability or obligation concerning such withholding.

If the undersigned Seller is subject to IRS Form 1099 reporting requirements, then this form shall serve as a substitute form 1099 in compliance with 26 C.F.R. §1.6045-4(m). This is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if this item is required to be reported and the IRS determines that it has not been reported.

Purchaser and Seller understand that fees collected by Weissman PC to record closing documents in the Superior Court Clerk's Office for the county in which the Property lies are a calculation of actual costs of recording documents as such costs are understood at the time of closing. Any excess recording fees inadvertently charged shall be refunded to the paying party. Purchaser and Seller acknowledge that unforeseen recording fee shortages due directly to acts or omissions of either of them will be paid by the responsible party to Closing Attorney upon demand.

**Purchaser\Borrower:**

_/s/ Keith Duane Kinchen_
Keith Duane Kinchen

**Seller:**

_/s/ C.B. Jones, II_
C.B. Jones, II

The ALTA Settlement Statement which I have prepared is a true and accurate account of this transaction. I have caused or will cause the funds to be disbursed in accordance with this statement.

Weissman PC

By: Settlement Agent

**WARNING:**

It is a crime to knowingly make false statements to the United States on this or any other similar form. Penalties upon conviction can include a fine and imprisonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

ALTA Combined Signature Page (Purchase)                                                    W-24499-20-WO